UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE SIMEON KING, *et al.*,<br><br>    Plaintiffs,<br>v.<br><br>BANK OF AMERICA, *et al.*,<br><br>    Defendants. | Civil No. 13cv2648 JAH (WVG)<br><br>**ORDER *SUA SPONTE* DISMISSING COMPLAINT FOR WANT OF JURISDICTION AND DENYING MOTION TO APPOINT COUNSEL AS MOOT** |

  On November 1, 2013, Plaintiffs Maurice Simeon King and Hazel Marshall King ("plaintiffs"), proceeding *pro se*, filed a complaint in this Court. Pursuant to Federal Rule of Civil Procedure 12(h), "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." FED.R.CIV.P. 12(h)(3). The Ninth Circuit has interpreted this rule to permit district courts to raise the issue of subject matter jurisdiction *sua sponte* at any point in the litigation, even on appeal. See Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002). "[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such claim is wholly insubstantial and frivolous." Bell v. Hood, 327 U.S. 678, 682-83 (1946); see also Franklin v. Oregon State Welfare Div., 662 F.2d 1337, 1342 (9th Cir. 1981).

  Here, plaintiffs assert this Court's jurisdiction is based on a federal question. See Doc. # 1. Plaintiffs' sole cause of action alleges Defendants Bank of America,

1  Countrywide, Pacific West Mortgage, and Greenlight Mortgage Co. (collectively
2  "defendants") violated the Fifth Amendment. Id. at 3. However, the Fifth Amendment
3  applies only to actions by the federal government, not private actors. See Rank v. Nimmo,
4  677 F.2d 692, 701 (9th Cir. 1982) ("The Due Process Clause of the Fifth Amendment
5  applies to actions of the federal government and not to individual activities of private
6  actors."). Because plaintiffs fail to state a cognizable claim under the Fifth Amendment,
7  this Court finds their assertion of federal law is wholly insubstantial and frivolous. See
8  Bell, 327 U.S. at 682-83; Franklin, 662 F.2d at 1342. Therefore, plaintiffs' complaint is
9  DISMISSED without prejudice for want of jurisdiction. Moreover, this Court finds that
10 dismissal of the complaint renders moot plaintiffs' motion to appoint counsel. See Doc.
11 # 10.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiffs' complaint is *sua sponte* **DISMISSED** for want of subject matter jurisdiction; and
2. Plaintiffs' motion to appoint counsel is **DENIED as moot**.

Dated: April 4, 2014

JOHN A. HOUSTON
United States District Judge